UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

GREATER ST. LOUIS CONSTRUCTION )
LABORERS WELFARE FUND, et al., )
                                )
        Plaintiffs,              )
                                )
    vs.                          )    Case No. 4:08CV00578 ERW
                                )
MISSOURI PIPING, INC.,           )
                                )
        Defendant.               )

**MEMORANDUM AND ORDER**

This matter comes before the Court on Plaintiff's Motion for Contempt [doc. #26].

**I.    BACKGROUND FACTS**

The Court entered default judgment on behalf of Plaintiffs on December 5, 2009. Subsequently, Plaintiffs sought a post-judgment deposition of Alan Stevens ("Mr. Stevens"), Defendant's registered agent. When Mr. Stevens failed to appear at his first scheduled deposition on February 9, 2009. Subsequently, on February 13, 2009, this Court issued an Order, resetting the deposition of Mr. Stevens for 10:00 a.m. on March 6, 2009, and ordering Mr. Stevens to attend and produce specific documents. Mr. Stevens again failed to appear at the deposition. Plaintiffs then filed the pending Motion, requesting that a fine of $200 be imposed for each day of Mr. Stevens' noncompliance, as well as $715.00 in attorney's fees.

**II.   DISCUSSION**

"[I]t is firmly established that the power to punish for contempt is inherent in all courts." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991) (internal punctuation and citation omitted).

Civil contempt sanctions may be utilized to coerce compliance with a court order. *Chicago Truck Drivers v. Brotherhood Labor Leasing*, 207 F.3d 500, 504 (8th Cir. 2000) (citing *United States v. United Mine Workers*, 330 U.S. 258, n56 (1947)). This may be accomplished through "[e]ither incarceration or a fine." *Id.* The Court's contempt power does not just extend to a corporate defendant, but also non-parties such as corporate officers or agents who have notice of the Court's order and the responsibility to comply with the order. *Chicago Truck Drivers*, 207 F.3d at 507; *Electrical Workers Pension Trust Fund v. Gary's Electric Serv. Co.*, 340 F.3d 373 (6th Cir. 2003).

The party who seeks contempt must bear the burden of proving by clear and convincing evidence that a court order was violated. *Chicago Truck Drivers*, 207 F.3d at 504-05. Plaintiff has submitted an affidavit stating that Mr. Stevens failed to produce the documents listed in the Court's February 13, 2009 Order, or appear for deposition. As a result, the burden shifts to Mr. Stevens to show that he is unable to comply with the Court's Order. *Id.* Mr. Stevens has not replied to the pending Motion, and he has not satisfied this burden.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Missouri Piping, Inc.'s registered agent, Mr. Stevens, is ordered to show cause why he should not be held in contempt of court for failure to appear for deposition on March 6, 2009, and to produce records as ordered by the Court on February 13, 2009.

**IT IS FURTHER ORDERED** that a hearing is set for <u>**Wednesday, April 22, 2009**</u> at <u>**10:00 a.m.**</u> in Courtroom 12 South of the Thomas F. Eagleton United States Courthouse, at which Mr. Stevens may show cause why civil contempt sanctions should not be imposed against

2

him for failure to comply with the Court's order of March 13, 2008. Because incarceration is a possible civil contempt sanction, Mr. Stevens has the right to representation by counsel. **Failure to appear for the hearing as ordered may subject Mr. Stevens to arrest by the United States Marshal's Service.**

**IT IS FURTHER ORDERED** that the United States Marshal's Service is directed to serve a copy of this Memorandum and Order, and a copy of the Memorandum and Order dated February 13, 2009, on Mr. Stevens, at 370 Brown Road, St. Peters, Missouri 63376.

Dated this 7th Day of April, 2009.

E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE